FILED '11 APR 06 11:55 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

GREAT AMERICAN INSURANCE                           10-3147-TC
COMPANY, an Ohio corporation, GREAT
AMERICAN ASSURANCE COMPANY, an
Ohio corporation, and GREAT AMERICAN
INSURANCE COMPANY OF NEW YORK, a          FINDINGS AND RECOMMENDATION
New York corporation,

                                    Plaintiffs,

                    v.

OREGON LANDMARK - TWO LIMITED
PARTNERSHIP, an Oregon limited
partnership, BOSTON FINANCIAL
QUALIFIED HOUSING, L.P., a Delaware
corporation, EUGENE BURGER
MANAGEMENT CORPORATION, a
California corporation, WESTERN HISTORIC
PROPERTIES II LIMITED PARTNERSHIP, a
District of Columbia limited partnership,
WHITEHALL ASSET MANAGEMENT
CORPORATION, a California corporation,
and WHP II HOLDINGS, INC., a District of
Columbia corporation,

                                    Defendants.

Page 1 - FINDINGS AND RECOMMENDATION

COFFIN, Magistrate Judge:

Plaintiffs (collectively referred to as Great American) filed this declaratory action on December 28, 2010. (dkt. #1). Great American issued insurance policies covering the Chandler, a property owned by defendants in Coos Bay consisting of residences on the upper floors and commercial rental space on the ground floor, for successive policy periods, beginning July 1, 2002 and ending July 1, 2008. Defendants submitted a loss claim for the Chandler on October 16, 2009. On November 17, 2009, Great American received proof of loss claim of $1,293,600 for alleged damage to the Chandler due to a water main break on March 17, 2004. On January 19, 2010, Great American received a second proof of loss claim for $1,293,600 for alleged damage arising from a March 17, 2004 water main break. The Great American policy contract states in relevant part:

> **COMMERCIAL PROPERTY CONDITIONS**
>
> ...
>
> **D. LEGAL ACTIONS AGAINST US**
> No one may bring a legal action against us under this Coverage Part unless:
> There has been full compliance with all the terms of this Coverage part; and
> This action was brought within two years after the date on which the direct physical loss or damage occurred.
>
> ...

(dkt. # 30, ex. 2). Great American moves for summary judgment, arguing that: (1) defendants' loss claim is time barred and (2) even it the claim is not time barred, defendants cannot establish coverage for the loss under the policy. I heard oral argument on the motion on March 23, 2011. For the reasons outlined below, I recommend that this court grant Great American's motion for summary judgment.

## Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

Page 2 - FINDINGS AND RECOMMENDATION

> if the pleadings, the discovery and disclosure materials on file, and any affidavits
> show that there is no genuine issue as to any material fact and that the movant is
> entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## Discussion

I find that defendants' loss claim is barred by the policy language which states that a legal action must be brought within two years of the date on which the loss or damage occurred. The

Page 3 - FINDINGS AND RECOMMENDATION

interpretation of a provision of an insurance contract is a matter of law unless it is ambiguous. Hartford Fire Insurance Co. v. N.W. Metal Fabricators, Inc., 793 F. Supp 954, 956 (Or. 1992). A provision of an insurance contract is ambiguous if it is capable of more than one sensible and reasonable interpretation. Id.

In the instant case, I find the insurance contract provision governing the time in which an insured must bring legal action is not ambiguous. The provision is capable of only one sensible and reasonable interpretation. Here, insurance contract's language clearly states that no suit may be brought against Great American "unless...[it] was brought within two years after the date on which the direct physical loss or damage occurred." (dkt. # 30, ex. 2). The only reasonable interpretation fo this provision is that an insured must bring suit within two years of the loss date. See e.g., Schutt v. Farmers Ins. Group of Companies, 879 P.2d 1303, 1305 (Or. App. 1994) (stating that when terms in an insurance contract are plan and unambiguous, the court's task is to "ascertain the meaning of the language used and enforce it to its legal effect."). Here, defendants did not bring suit within two years of the loss date. The proof of loss claims submitted in November 2009 and January 2010 admit that the loss occurred on March 17, 2004, well over the two-year limitation. Further, even if I were to conclude that physical loss meant when the damage manifests, defendants admit in Robert Blair's affidavit (dkt. #29 at 5) that the damage manifested in 2005, over five years before defendants filed a loss claim. Consequently, I find that defendants did not file a claim within the two-year limit specified in the contract language, and therefore their claims are time barred.

Defendants argue that, even if the policy language is clear, Great American is not entitled to summary judgment because they are estopped from enforcing the policy's two-year limitation period. Specifically, defendants claim that they relied on assurances from Doug Foley, an attorney hired by

Page 4 - FINDINGS AND RECOMMENDATION

Great American to manage their claim. The Oregon legislature has made clear that estoppel does not apply to the type of communications between defendants and Foley. OR. REV. STAT. § 742.056. To invoke the doctrine of estoppel to toll the statute of limitations in an insurance dispute, the insurance company or agent must have done something that amounted to an affirmative inducement that would have caused defendants to delay bringing the action. Lyden v. Goldberg, 490 P.2d 181, 182 (Or. 1971). Nothing in the record establishes that Foley or Great American did anything that amounted to an affirmative inducement that caused defendants to delay bringing this action. Instead, the time-line provided by defendants establishes that they first made a claim to Great American after the two-year time limit had expired. (dkt. #25 at ¶ 6). Thus, the doctrine of estoppel does not raise any issue of fact which would preclude judgement in favor of Great American.

Finally, in their Answer (dkt, #11), defendants assert two counter claims against Great American: breach of contract and negligence. During oral argument, defendants asserted that I should allow further discovery to "flesh out facts" related to their counterclaims before ruling on this motion for summary judgment. I find, however, that further discovery is not warranted. To move forward on their breach of contract claim, defendants must establish that there is a dispute of material fact regarding whether Great American was obligated to pay under the contract. Hartford Fire Insurance Co., 793 F. Supp. at 956. Here, the plain language of the policy contract states that defendants were required to bring legal action within two years of loss or damage and the undisputed facts in the record establish that defendants did not. Accordingly, I find that the breach of contract counter claim fails as a matter of law.

I find that defendants' counter claim for negligence also fails as a matter of law. It is well settled in Oregon law that an injured contracting party may sue for negligence only if the other party

Page 5 - FINDINGS AND RECOMMENDATION

is subject to a standard of care independent of the terms of the contract. <u>Georgetown Realty, Inc. V.</u>
<u>The Home Insurance Co.</u>, 831 P.2d 7, 16-17 (Or. 1992). An insurer's bad faith refusal to pay policy
benefits to its insured sounds in contract and is not an actionable tort in Oregon. <u>Employers' Fire</u>
<u>Insurance Co. V. Love It Ice Cream Co.</u>, 670 P.2d 160, 165 (Or. App. 1983). Here, it is clear Great
American did not owe any special duty to defendants, and any duty owed defendants was set forth
in the policy contract. Consequently, this claim cannot go forward.

### Findings and Recommendation

I recommend that this court grant plaintiffs' motion (dkt. #5) and dismiss defendants' breach
of contract and negligence counter claims. I note that on February 18, 2011, Oregon Land Mark
issued summons (dkt. #23) to Eugene Burger Management Corporation and Whitehall Asset
Management Corporation for breach of contract and negligence claims. It appears that this court has
jurisdiction over these cross claims as the amount in controversy exceeds $75,000 and the parties
are diverse (Oregon Land Mark is an Oregon corporation and Eugene Burger Management
Corporation and Whitehall Asset Management Corporation are California corporations). 28 U.S.C.
§ 1332(a). Accordingly, instead of being closed, this case should remain open to proceed on these
cross claims.

The above Findings and Recommendation will be referred to a United States District Judge
for review. Objections, if any, are due no later than fourteen days after the date this order is filed.
The parties are advised that the failure to file objections within the specified time may waive the
right to appeal the District Court's order. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). If no
objections are filed, review of the Findings and Recommendation will go under advisement on that
date. If objections are filed, any party may file a response within fourteen days after the date the

Page 6 - FINDINGS AND RECOMMENDATION

objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this $\underline{6^{+}}$ day of April 2011.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 7 - FINDINGS AND RECOMMENDATION